## A. LESCHEN & SONS ROPE COMPANY *v.* BRODERICK & BASCOM ROPE COMPANY.

STARE DECISIS; TRADEMARKS; RESEMBLANCE.

1. The striking down of the registration of a trademark on the ground that the registrant has described his mark in too broad and too indefinite terms merely deprives the registrant of the benefits sought to be conferred upon the owners of trademarks by the registration act, and does not deprive such owners of any property right which they may have acquired by the actual use of a good trademark.

2. While color, generally speaking, is not a proper subject of a trademark, a rival dealer may not appropriate another's mark by merely changing its color.

3. Appellee sought registration as a trademark for wire rope, "a yellow stripe, of uniform width, spirally disposed around the surface" of the rope. This mark was similar to one which had been used by appellant for twenty years, the only difference being that appellant's mark was colored red. *Held* that the marks were sufficiently alike as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

4. Whether a mark consisting of a stripe of uniform width, spirally disposed around the surface of wire rope, may constitute a valid trademark, *quære.*

No. 692. Patent Appeals.    Submitted January 16, 1911.    Decided February 6, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents, dismissing an opposition to an application to the registration of a trademark.                    *Reversed.*

The facts are stated in the opinion.

*Mr. James A. Carr* and *Mr. Melville Church* for the appellant.

*Mr. James P. Dawson, Mr. J. S. Barker, Mr. William E. Garvin,* and *Mr. Edward E. Longan* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal [by A. Leschen & Sons Rope Company] brings up for review a decision of the Commissioner of Patents, dismissing appellant's opposition to the registration by appellee, the Broderick & Bascom Rope Company, as a trademark for wire rope, "a yellow stripe, of uniform width, spirally disposed around the surface" of the rope, and awarding registration to appellee.

In its amended notice of opposition, appellant stated, among other things, "that in the year 1888 it adopted for its use, as a trademark for its highest and best grade of wire rope, a stripe or band of uniform width and of distinctive color, helically disposed and applied upon the surface of said wire rope, said trademark then and now being preferably applied by painting one of the strands of the rope so as to make it appear distinctly unlike the other strands of the rope." In the stipulation forming part of the record, "it is agreed that the said A. Leschen & Sons Rope Company was incorporated in the year 1886 for the purpose of manufacturing and selling wire ropes, or cables, and that it has continued said business down to the present day; that the said A. Leschen & Sons Rope Com-

pany, prior to the year 1894, began the practice of marking wire ropes, or cables, of its manufacture, with a helical stripe of uniform width and distinctive color, this color being usually red, and produced by painting one of the strands of the rope. This practice was begun and continued with the intention of acquiring a trademark." It was further stipulated that appellant, on August 10th, 1900, filed its application for the registration of said alleged trademark in the office of the Commissioner of Patents, and the description of the mark, as contained in said application, was reproduced in the stipulation. The mark of the appellee was first adopted and used in about 1899, and, as specified in its application, "consists of a yellow stripe, of uniform width, spirally disposed around the surface of wire rope."

The first question for consideration is whether the opinion of the Supreme Court of the United States in a case between the same parties is decisive of this case.    (See *A. Leschen & Sons Rope Co.* v. *Broderick & B. Rope Co.* 201 U. S. 166, 50 L. ed. 710, 26 Sup. Ct. Rep. 425.)    That was a bill in equity brought by the Leschen Company against the Broderick & Bascom Company, "for the infringement of a trademark for wire rope, registered under the act of Congress of March 3, 1881 (21 Stat. at L. 502, chap. 138, U. S. Comp. Stat. 1901, p. 3401)."    The parties were both Missouri corporations, and the jurisdiction of the court was dependent solely upon whether the mark as registered was a lawful trademark.    *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.* 179 U. S. 665–667, 45 L. ed. 365–368, 21 Sup. Ct. Rep. 270.    The essential feature of the trademark before the Supreme Court, according to the description in the Leschen Company's application, was "a stripe of distinctive color, produced in or applied to a wire rope."    This description the court held to be too broad and too indefinite, and it therefore voided the registration.    In its opinion the court said: "It is true that the drawing annexed to the registration, a copy of which is here given, as well as the exhibits furnished, shows one of the strands colored red; and if the trademark were restricted to a strand thus colored, perhaps it might be

sustained; * * * So, although it might be possible to claim the imprint of a colored figure on a wire rope, the figures should be so described that other manufacturers would know how to avoid it. If the trademark be a colored streak, it should be, at least, described, and a statement of the mode in which the same is applied and affixed to the rope; and a trademark which may be infringed by a streak of any color, however applied, is manifestly too broad." The court concluded: "It is unnecessary to express an opinion whether, if the trademark had been restricted to a strand of rope distinctively colored, it would have been valid. As already observed, the claim is much broader than this. Nor can we assume jurisdiction of this case as one wherein the defendant had made use of plaintiff's device for the purpose of defrauding the plaintiff, and palming off its goods upon the public as of the plaintiff's manufacture. Our jurisdiction depends solely upon the question whether plaintiff has a registered trademark valid under the act of Congress; and, for the reasons above given, we think it has not."

It is apparent, therefore, that the question before the court involved solely the validity of the mark as registered. The plaintiff's right to be heard having depended upon the validity of that registration, the court confined its opinion to that question, and carefully refrained from expressing "an opinion whether, if the trademark had been restricted to a strand of rope distinctively colored, it would have been valid." In other words, the striking down of a registration on the ground that the registrant has described his mark in too broad and too indefinite terms merely deprives the registrant of the benefits sought to be conferred upon the owners of trademarks by the registration act, and does not deprive such owners of any property right which they may have acquired by the actual use of a good trademark. The opinion of the Supreme Court went no further than to deprive the present application of the presumption of ownership which a good registration would have afforded it.

It is insisted that appellant is here seeking protection for

a mark of the same scope as that for which it obtained regis-
tration.    This contention is not borne out by the stipulation
to which reference has been made.    As previously noted, that
stipulation contains a description of the mark actually used
by appellant.    The reference to said registration may be treated
as mere surplusage, as it serves no purpose in the stipulation.
Manifestly, appellant, after having submitted said registration
to the Supreme Court of the United States, with the result
previously noted, would not contend for the validity of that
registration before this court.    Moreover, in its notice of op-
position, appellant placed itself squarely upon the mark as
actually used by it.

We come now to the consideration of the question whether
the two marks here involved are sufficiently alike as "to be
likely to cause confusion or mistake in the mind of the public,
or to deceive purchasers."    33 Stat. at L. 724, chap. 592, U.
S. Comp. Stat. Supp. 1909, p. 1275.    The only difference in
the marks is that of color.    They are both used upon wire
rope, and are both applied in substantially the same manner.
It is admitted that appellant has used its mark for more than
twenty years, and if this were a case of unfair competition
there would be little doubt as to appellant's right to relief,
for while color, generally speaking, is not a proper subject of
a trademark, a rival dealer may not appropriate another's
mark by merely changing its color.    It is manifest that if ap-
pellee is entitled to use precisely the same mark as that used
by appellant, but colored yellow instead of red, every color of
the rainbow may be appropriated by other wire rope manu-
facturers, and may be similarly applied.    Such a result, in our
opinion, would lead to no end of confusion, the value of appel-
lant's mark would be destroyed, and the purchasing public
would be liable to imposition.    The Patent Office has held that
there is no conflict between the two marks, and the appellee
insists that the evidence fails to show such a conflict; but both
marks are before us, and, in the language of the circuit court
of appeals for the eighth circuit, "the evidence of the eyes is
more persuasive and satisfactory than any other."    *Layton Pure*

*Food Co.* v. *Church & D. Co.* 104 C. C. A. 464, 182 Fed. 24. In that case the court said: "And when the eyes are turned upon these labels, the ocular demonstration is complete that the annular bands upon them give to those of the defendant a marked similarity to those of the complainant,—a similarity so plain that it renders them well calculated to create confusion in the trade, and to deceive buyers into the purchase of the products of the defendant in the belief that they are those of the complainant."

We have assumed, for the purposes of this opinion, that the Patent Office was right in holding that a mark consisting of a stripe, of uniform width, spirally disposed around the surface of wire rope, may constitute a valid trademark. We have not deemed it necessary to consider the question, since neither party is in a position to raise it here.

For the reasons stated, the judgment must be reversed. The clerk will certify this opinion. as by law required.

*Reversed.*